NORA SHEA, Plaintiff, v. PARKBORO REALTY CORPORATION, Respondent, and DOMINICK GIFFUNI and LOUIS GIFFUNI, Doing Business under the Firm Name and Style of GIFFUNI BROTHERS, Appellants.— Order denying motion to dismiss cross-complaint of defendant Parkboro Realty Corporation affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

ALFRED R. SORENSEN and THOMAS F. DONIGAN, Respondents, v. MORRIS PHILIP, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Lazansky, P. J., Rich, Kapper and Scudder, JJ., concur; Hagarty, J., concurs upon authority of *Sorensen* v. *Philip* (225 App. Div. 684).

YORK MORTGAGE CORPORATION, Appellant, v. CLOTAR CONSTRUCTION CORPORATION and Others, Defendants. OCEAN REALTY COMPANY, Respondent. OCEAN REALTY COMPANY, Respondent, v. CLOTAR CONSTRUCTION CORPORATION and Others, Defendants. YORK MORTGAGE CORPORATION, Appellant. (Actions 1, 2, 3 and 4.) — Judgment of the County Court of Nassau county reversed upon the law and the facts, with costs, and judgment directed in favor of the York Mortgage Company foreclosing its mortgage as a lien superior to the mortgages of the Ocean Realty Company, with costs. The subordination clause in the Ocean Realty Company's mortgages may not be construed so as to incorporate therein a provision unexpressed to the effect that said clause is only operative as to a building loan or other mortgage representing advances put into actual construction of buildings on the property involved. Likewise that clause may not be varied by parol so as to incorporate therein terms not expressed. (*Lehnert* v. *Notlim Realty Corporation*, 225 App. Div. 818; Real Prop. Law, § 240, subd. 3; *Penn. Steel Co.* v. *Title Guar. & Trust Co.*, 193 N. Y. 37, 43, 45.) The evidence does not justify a holding that the agreement herein is not a building loan agreement and that the mortgage founded thereon is not a building loan mortgage. Suspicion may not take the place of proof. They, therefore, are enforcible to the extent of the advances made thereunder. Likewise the evidence does not justify a holding that the purchase-money mortgage for $17,500, claimed to have been satisfied for $15,232, did not exist. The evidence requires a holding that the satisfaction thereof represents an advance made by the York Mortgage Company under its building loan mortgage. Findings of fact and conclusions of law inconsistent herewith are reversed and findings and conclusions accordingly will be made. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur. Settle order on notice.

AMERICAN STOVE COMPANY, Respondent, v. 1451 COLLEGE AVENUE, INC., Appellant. (Municipal Court Appeal.) — Application denied, with ten dollars costs.

AMERICAN STOVE COMPANY, Respondent, v. 1451 COLLEGE AVENUE, INC., Appellant. (City Court Appeals.) — Applications denied, with ten dollars costs.